UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.

ASHLEY DYER,

      Plaintiff,                    LOWER CASE NO.: 2021-30286-CICI

v.

SAM'S EAST, INC.,
A Foreign Profit Corporation,

      Defendant.

_____/

## DEFENDANT, SAM'S EAST, INC.'S NOTICE OF REMOVAL WITH INCORPORATED MEMORANDUM OF LAW

Defendant, SAM'S EAST, INC. (hereinafter, "SAM'S CLUB"), by and through undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and Rule 81(c) of the Federal Rules of Civil Procedure, hereby gives notice of the removal of this case from the Circuit Court of the Seventh Judicial Circuit, in and for Volusia County, Florida to the United States District Court for the Middle District of Florida, Orlando Division, with full reservation of rights, exceptions and defenses. As grounds for this Notice of Removal, SAM'S CLUB states the following:

## I.   <u>BACKGROUND</u>

1.     This removal is based on diversity of citizenship under 28 U.S.C. §§ 1332(a)(1) and 1441 with an amount in controversy exceeding the sum of $75,000.00, exclusive of interest and costs.

2.     On or about March 3, 2021, Plaintiff commenced a civil action against SAM'S CLUB in the Seventh Judicial Circuit Court in and for Volusia County, Florida, styled *Ashley Dyer v. Sam's East, Inc.*, bearing Case No. 2021-30286-CICI. [A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit "A"].

3.     Plaintiff's Complaint was served on SAM'S CLUB's registered agent on March 18, 2021. [A true and correct copy of the Summons with date of service handwritten is attached hereto as composite Exhibit "B"].

4.     Plaintiff's Complaint asserts a single count of negligence against SAM'S CLUB. [*See* Ex. A, ¶¶ 5-8]. Specifically, Plaintiff alleges that, on February 18, 2019, Plaintiff slipped and fell on "unmarked water" on the floor at Sam's Club No. 8138, located at 1460 Cornerstone Blvd., Daytona Beach, FL 3211. [*See* Ex. A, ¶¶ 4-5]. Plaintiff alleges that she sustained serious, continuing and permanent injuries as result of the accident. [*See* Ex. A, ¶ 8].

5.     Plaintiff alleges that SAM'S CLUB breached its various duties owed to her including the duty to maintain the premises in a reasonably safe manner and warn her of an alleged dangerous condition which existed on the

premises.  [*See* Ex. A, ¶¶ 6-7].

6.     Based on the allegations in Plaintiff's Complaint, the amount in controversy exceeds the $75,000 jurisdictional threshold of this Court.  [*See* Ex. A, ¶ 1].  Further, Plaintiff specifically alleges that she sustained serious and permanent injuries and damages from the subject accident that exceed the circuit court's jurisdictional minimum.  [*See* Ex. A, ¶¶ 1, 8].

7.     Furthermore, on August 27, 2020, prior to commencement of this lawsuit, Plaintiff submitted medical billing records ("Medical Bills") to substantiate her post-accident treatment for her alleged injuries, which indicated that ***Plaintiff incurred a total of $77,500.90 in past medical expenses*** in connection with the subject accident.  [A true and correct copy of Plaintiff's August 27, 2020 pre-suit correspondence and attached Medical Bills are attached hereto as Exhibit "C"].

8.     Additionally, Plaintiff is a resident of Volusia County, Florida, and is a citizen of the State of Florida for purposes of diversity jurisdiction.  [*See* Ex. A at ¶ 2; Ex. C pp. 15, 18-19; and Plaintiff's Florida Driver's License (redacted), attached hereto as Exhibit "D"].[1]

---

[1] Sam's Club has not filed the entire complement of medical records which Plaintiff submitted with her various pre-suit correspondence in order to protect the Plaintiff's personal information pursuant to the Court's Administrative Procedures, 6B.  Should the Court wish to see these documents, Sam's Club can provide same for an *in camera* inspection.

9.     SAM'S CLUB is an Arkansas corporation and maintains its principal place of business in Bentonville, Arkansas. [*See* public filings maintained by the Florida Division of Corporations attached hereto as Exhibit "E"].

10.     In accordance with 28 U.S.C. § 1446(b)(3), this Notice of Removal is filed within thirty (30) days after receipt by SAM'S CLUB of Plaintiff's Complaint.  [*See* Ex. B].  Therefore, the Notice is timely filed pursuant to 28 U.S.C. § 1446(b).

11.     A true and correct copy of all process, pleadings, and other papers and/or exhibits of every kind filed with the state court in this action, along with a docket sheet from the Clerk of Court, are attached hereto as composite Exhibit "F" as required by 28 U.S.C. § 1446(a).

12.     Following the filing of this Notice of Removal with this Court, SAM'S CLUB will file a Notice of Filing Notice of Removal pursuant to 28 U.S.C. § 1446(d) with the state court where this action is pending and will give written notice thereof to all parties.

13.     SAM'S CLUB reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## II.   <u>REMOVAL IS TIMELY</u>

14.     In accordance with 28 U.S.C. § 1446(b)(1), SAM'S CLUB files this Notice of Removal within thirty (30) days of its receipt of Plaintiff's Complaint.

4

Plaintiff's Complaint is the initial pleading setting forth the claim for relief upon which Plaintiff's action is based.  The thirty (30) day period commenced on March 18, 2021, when Plaintiff effectuated service of her initial Complaint on SAM'S CLUB.  [*See* Ex. B]

15.    Further, prior to the service of Plaintiff's Complaint, Plaintiff submitted her Medical Bills to SAM'S CLUB, outlining Plaintiff's claimed past medical expenses and damages arising from her February 18, 2019 accident. [*See* Ex. C].

16.    Venue is proper in this Court because the Seventh Judicial Circuit where Plaintiff filed her state court Complaint is located in Volusia County, Florida, which is located within the United States District Court for the Middle District of Florida, Orlando Division.

## III.    THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES

17.    The above described action is one in which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 and is one which may be removed to this Court by SAM'S CLUB, pursuant to 28 U.S.C. §§ 1441 and 1446, in that:

A.    This is an action between citizens of different states; and

B.    This is a civil action in which the amount of the controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

*See* 28 U.S.C. § 1332(a).

A.   **Citizenship of Plaintiff, Ashley Dyer**

18.   Plaintiff's Complaint specifically alleges that she is a resident of Volusia County, Florida.  [*See* Ex. A, ¶ 2].

19.   Additionally, Plaintiff's Medical Bills and Florida Driver's License indicate that she is a resident of Deland, Volusia County, and a citizen of the State of Florida.  [*See* Ex. C pgs. 15, 18-19; and Ex. D]

20.   "It is well established that a party's residence is *prima facie* evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, 2009 WL 1532129, *3 (June 1, 2009 S.D. Fla.) (Cohn, J) (internal citations omitted).

21.   Plaintiff's Volusia County residence is *prima facie* evidence of her domicile which is equivalent to citizenship for purposes of establishing diversity in this case. *See Katz,* 2009 WL 1532129 at *3.

B.   **Citizenship of SAM'S CLUB**

22.   SAM'S CLUB was at the time of the alleged accident, and is currently, an Arkansas corporation and maintains its principal place of business in Bentonville, Arkansas.  At no time material has SAM'S CLUB been a citizen of Florida. [*See* corporate filings maintained by the Florida Division of Corporations attached hereto as Ex. "E"].

6

23.    A corporation is deemed a citizen of the state in which it is incorporated and in which its principal place of business if located.  28 U.S.C. § 1332(c).  For the purposes of removal of this matter, SAM'S CLUB is a citizen of Arkansas.   Therefore, complete diversity exists between the parties in accordance with 28 U.S.C. § 1332(a).

## IV.    AMOUNT IN CONTROVERSY

24.    Furthermore, the statutory requirement that the amount in controversy exceeds $75,000, exclusive of interest and costs, has been satisfied because Plaintiff seeks damages that exceed the minimum jurisdictional threshold.

25.    Here, Plaintiff's Complaint alleges that she sustained serious and permanent injuries and damages from the subject accident that exceed the Circuit Court's $30,000 jurisdictional minimum.  [*See* Ex. A, ¶ 1].  While the Complaint does not specify an amount in controversy, it is clear from Plaintiff's Medical Bills that her claimed damages exceed this Court's jurisdictional minimum of $75,000.00.  *See Katz v. J.C. Penney Corp., Inc.*, 2009 WL 1532129, *4-5 (S.D. Fla. June 1, 2009) (holding that the defendant met its jurisdictional burden of establishing the amount in controversy based on information received from the plaintiffs in the pre-suit demand package); *Mick v. De Vilbiss Air Power Co.*, 2010 WL 5140849, at *1 (M.D. Fla. Dec. 14, 2010) (finding that

pre-suit settlement demand letters are competent evidence of the amount in controversy);

26.    Where, as here, the Plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a ***preponderance of the evidence*** that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996) (emphasis added); *see also, Williams v. Best Buy Co.*, 269 F. 3d 1316, 1319 (11th Cir. 2001).

27.    "In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand." *Katz,* 2009 WL 1532129, at *4 (S.D. Fla. June 1, 2009) (citing *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1213-1214 (11th Cir. 2007)). "Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id* (citing *Williams v. Best Buy Co.,* 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.,* 216 F.3d 945, 949 (11th Cir. 2000)). "Therefore, pre-suit settlement offers and demands may be considered in evaluating whether a case has been properly removed." *Id*.

28.    Plaintiff's itemized Medical Bills establish that the amount in controversy exceeds the $75,000.00 jurisdictional minimum.  Specifically,

Plaintiff's Medical Bills show that her ***past medical expenses alone total $77,500.90***.  [*See* Ex. C].  Based on the Medical Bills provided by Plaintiff before suit was commenced, her past medical expenses are as follows:

| Plaintiff's Past Medical Expenses | |
|---|---|
| Provider | Amount |
| Sterling Medical Group | $   35,074.58 |
| CORA Health Services | $     4,310.00 |
| Park Place Surgery Center | $   21,016.30 |
| Anesthesia Professionals | $     2,000.00 |
| Advantacare | $   11,060.80 |
| Associates MD Medical Group | $     3,196.80 |
| Injury Pharmacy Solutions | $        842.42 |
| Total | $ 77,500.90 |

[*See* Ex. C, pp. 1-21].

29.    Additionally, Plaintiff's Complaint alleges damages for pain and suffering, permanent disability, loss of an ability to lead and enjoy a normal life, and the alleged need for future medical care.  [*See* Ex. A, ¶ 8].  Therefore, the amount in controversy in this matter is expected to far exceed the $77,500.90 established by Plaintiff's Medical Bills.

30.    Plaintiff's representations sufficiently and conclusively establish by a preponderance of the evidence that the amount in controversy exceeds the requisite $75,000.00 jurisdictional minimum for this Court to retain jurisdiction.

31.    District courts have consistently held that the amount in controversy is satisfied by a showing that a plaintiff's pre-suit demand package

9

demonstrates the plaintiff's past medical bills exceed $75,000.00. For instance, in *Stramiello v. Petsmart, Inc.*, 2010 WL 2136550, at *3 (M.D. Fla. 2010), the Middle District determined that the defendant established the amount in controversy exceeded the $75,000 jurisdictional minimum because the plaintiff's medical bills exceeded $108,000.00 and plaintiff alleged that her injuries were permanent and she would seek recovery of future medical expenses and pain and suffering. *Id.* The court found the defendant established complete diversity and that the amount in controversy exceeded the jurisdictional threshold; therefore, the court denied the plaintiff's motion to remand. *Id.* at *5.

32.     Similarly, in *Katz v. J.C. Penney Corp.*, the district court concluded that the removing defendant properly established the amount in controversy by addressing information received from plaintiff's pre-suit demand package. *Katz,* 2009 WL 1532129 at 4. The Court specifically noted it was persuaded that the pre-suit demand package reflected an "honest assessment" of damages by plaintiff because, like Plaintiff's pre-suit correspondence in this case, it was based on medical records provided by the plaintiff. *Id.*

33.     Additionally, in *Wilson v. Target Corp.,* the plaintiff submitted a pre-suit demand letter indicating she had incurred over $100,000.00 in past medical expenses and would incur an additional $1,000,000.00 in future medical expenses as a result of her accident. *Wilson v. Target Corp.,* 2010 WL

10

3632794, at *4 (S.D. Fla. 2010).  Although the plaintiff's complaint did not specify the exact amount in controversy, but only plead that her damages were in excess of $15,000, the court denied plaintiff's motion to remand finding that plaintiff's pre-suit demand letter and unspecified damages in her complaint were sufficient to demonstrate by a preponderance of the evidence that the amount in controversy exceeded $75,000.00.  *Id.*

34.    In the instant matter, as demonstrated herein, Plaintiff's past medical bills (submitted before suit was commenced) clearly establish that her claimed damages exceed the Court's $75,000 jurisdictional threshold.  [*See* Ex. C].  Furthermore, as alleged in the Complaint, Plaintiff's claimed damages exceed $75,000 based on the following: (1) Plaintiff's medical records and bills provided with her August 27, 2020 presuit correspondence; (2) Plaintiff's claimed injuries, which include a lateral meniscus tear and right knee internal derangement; (3) partial meniscectomy surgery; (4) Plaintiff's lost wages and loss of earning capacity; and (5) Plaintiff's alleged need for future medical care, all of which exceed this Court's $75,000 jurisdictional threshold.  [*See* Ex.'s A and C].

35.    Therefore, the evidence demonstrates that Plaintiff's claimed damages in the present case well exceed $75,000.00.  Accordingly, SAM'S CLUB has shown by a preponderance of the evidence that the amount in

controversy exceeds the Court's jurisdictional minimum, thus rendering removal proper.

## V.    CONCLUSION

This action is removable, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, because there exists complete diversity in this matter as the Plaintiff and SAM'S CLUB are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Accordingly, original jurisdiction of this matter is vested in this Court and SAM'S CLUB respectfully requests that this action proceed in this Court as a matter properly removed.

**WHEREFORE**, Defendant, SAM'S EAST, INC., respectfully requests that this action currently pending in the Circuit Court for Volusia County, Florida be removed to the United States District Court for the Middle District of Florida, Orlando Division, and that this Court assume full jurisdiction over the cause herein as provided by law.

Respectfully submitted on this 19th day of April 2021.

*/s/ George H. Featherstone*
**JERRY D. HAMILTON**
Florida Bar No.: 970700
jhamilton@hamiltonmillerlaw.com
**GEORGE H. FEATHERSTONE**
Florida Bar No.: 0624306
gfeatherstone@hamiltonmillerlaw.com
**MICHAEL T. RELIHAN**
Florida Bar No.: 116053
mrelihan@hamiltonmillerlaw.com

12

HAMILTON, MILLER & BIRTHISEL, LLP
100 South Ashley Drive, Suite 1210
Tampa, Florida 33602
Telephone: (813) 223-1900
Facsimile: (813) 223-1933
E-Service: ghf-serve@hamiltonmillerlaw.com
*Counsel for Defendant, Sam's East, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 19, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.  I further certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List.

*/s/ George H. Featherstone*
**GEORGE H. FEATHERSTONE**
Florida Bar No. 0624306
gfeatherstone@hamiltonmillerlaw.com

13

## <u>SERVICE LIST</u>

Brian W. Rush, Esq.
FBN: 92015
Dan Newlin & Partners
7335 W. Sand Lake Road, Suite 300
Orlando, FL 32819
Tel:  (407) 203-6625
Fax: (321) 251-2485
Brian.Rush@newlinlaw.com
andrea.ruiz@newlinlaw.com
Rush.Pleadings@newlinlaw.com
*Counsel for Plaintiff*